UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY NIE,<br><br>         Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>         Defendants. | Case No. 5:25-cv-01224-PA-RAO<br><br>**ORDER DISMISSING COMPLAINT** |

## I.    INTRODUCTION

On May 20, 2025, Plaintiff Johnny Nie ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint ("Complaint"). (Dkt. No. 1.) Plaintiff's request to proceed *in forma pauperis* was granted on May 23, 2025. (Dkt. No. 8.) Plaintiff brings his lawsuit against the County of San Bernardino, the San Bernardino County Sheriff's Department, and Deputy Sheriff Jesse Arias. *Id*. at 2-3.

On June 9, 2025, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the Complaint with leave to amend. (Dkt. No. 8.) The Court's screening order cautioned Plaintiff that failure to timely file a First Amended Complaint ("FAC") may result in dismissal of this action without prejudice for failing to diligently prosecute. (*Id.*)

On July 23, 2025, when Plaintiff did not file the FAC by the prescribed date or otherwise respond to the screening order, the Court issued an order to show cause in writing why the matter should not be dismissed for failure to prosecute and follow court orders ("OSC"). (Dkt. No. 10.) The deadline for responding to the Court's OSC was August 6, 2025, and Plaintiff has not responded.

For the reasons set forth below, the Court dismisses this action for failure to obey court orders and to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II. DISCUSSION

Federal Rule of Civil Procedure 41 ("Rule 41") governs the dismissal of federal actions. Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case. *Ferdik*, 963 F.2d at 1260.

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

Here, the first and second factors (the public's interest in expeditious resolution and the Court's need to manage its docket) strongly favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors

dismissal." *Id.* Plaintiff has failed to prosecute this action by not filing the FAC or responding to the Court's orders. Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990. Plaintiff's inaction interferes with the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. Accordingly, these two factors weigh strongly in favor of dismissal.

The third factor (the risk of prejudice to the defendant) requires a defendant to establish "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely" act. *Yourish*, 191 F.3d at 991. The better the reason, the less likely it is that the third factor will favor dismissal. *See id.* (finding that the plaintiff's "paltry excuse for his default on the judge's order indicate[d] that there was sufficient prejudice to Defendants from the delay that [the third] factor also strongly favor[ed] dismissal"). "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (quoting *Anderson*). Here, the failure to file the FAC or to communicate with the Court indicates Plaintiff's loss of interest in the matter. The Court finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) also weighs in favor of dismissal. The Court provided Plaintiff sufficient time to file the FAC or respond to the Court's OSC. The Court cautioned Plaintiff that a failure to file the

3

FAC or respond to the OSC may result in dismissal, *see* Dkt. Nos. 8, 10, yet Plaintiff has not responded. Plaintiff's failure to participate in his own lawsuit supports that no lesser sanction will be effective.

Regarding the fifth factor, public policy generally favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. However, it is the responsibility of the moving party to move the case toward a timely disposition on the merits, and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. Therefore, this factor weighs only slightly against dismissal.

Four factors favor dismissal, and one factor weighs slightly against dismissal. Accordingly, dismissal of this action without prejudice is appropriate.

## III.   CONCLUSION

For the reasons discussed above, the Court dismisses this action without prejudice.

DATED: August 19, 2025

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE